Okeke v Renaissance Times Sq. (2025 NY Slip Op 51616(U))

[*1]

Okeke v Renaissance Times Sq.

2025 NY Slip Op 51616(U)

Decided on October 16, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 16, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Tisch, J.P., Perez, Alpert, JJ.

570861/25

Hillary Okeke, Plaintiff-Appellant,
against
Renaissance Times Square, Oksana Serbaliuk, Saeed Elfawi, Defendants-Respondents.

Plaintiff appeals from an order of the Civil Court of the City of New York, Bronx County (Dawn Guglielmo, J.), entered March 20, 2025, which granted defendants' CPLR 3211 (a) (8) motion to dismiss the complaint for lack of personal jurisdiction.

Per Curiam.
Order (Dawn Guglielmo, J.), entered March 20, 2025, affirmed, without costs.
Civil Court properly dismissed the complaint on the grounds that the court lacked personal jurisdiction over defendants. The affidavit of service is deficient on its face, since it did not indicate the address where service was made (see Aurora Loan Servs., LLC v Revivo, 175 AD3d 622, 624 [2019]); and, as pertaining to the individual defendants, the affidavit did not indicate that, following delivery to a person of suitable age and discretion, a copy of the summons was mailed to said defendants, as required by CPLR 308 (2) (see CCA 403). 
With respect to defendant Renaissance Times Square, an entity that the process server apparently treated as "corporate," the affidavit of service does not indicate that personal delivery was made to one of the corporate representatives listed in CPLR 311 (a) (1), and failed to indicate the address where service was made. In any event, an affidavit is submitted by defendants indicating that Renaissance Times Square is not a legal entity, that Merritt Hospitality, LLC, a limited liability company, is the managing agent for the hotel, that plaintiff did not serve anyone authorized to accept service on Merritt's behalf and that plaintiff did not serve the Secretary of State. In opposition, plaintiff did not dispute these allegations. Accordingly, plaintiff did not effectuate personal jurisdiction over Merritt, as service of process was not made under CPLR 311-a or Limited Liability Company Law § 303 (see Manfredo v 100-106 LLC, 224 AD3d 626, 627 [2024]; Williams v DRBX Holdings, LLC, 80 AD3d 534 [2011], lv denied 17 NY3d 710 [2011]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 16, 2025